UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS ROSARIO,                    :

    Petitioner          :    CIVIL ACTION NO. 3:22-1488

v                                :        (JUDGE MANNION)

WARDEN JAMISON,                  :

    Respondent         :

## MEMORANDUM

### I. Background

On September 22, 2022, Petitioner, Luis Rosario, a former inmate confined in the Allenwood Medium Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Rosario claims the Bureau of Prisons (BOP) has unlawfully denied him early release upon successful completion of the Residential Drug Abuse Program (RDAP) pursuant to the First Step Act (FSA). Id. Rosario asks the Court to grant early release pursuant 18 U.S.C. §3621(e)(2)(B), upon his completion of the RDAP." Id. On November 15, 2022, a response was filed indicating that the Court lacked subject matter jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C.

§3625. (Doc. 7). On February 28, 2023, Petitioner filed a notice of change of address, indicating that he was "going home 3-9-23." (Doc. 11). A review of the BOP inmate locater reveals that Plaintiff was released from FCI-Allenwood. https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II. Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past

2

exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Rosario has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*/s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: April 5, 2023
22-1488-01